IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Dalton Kim and Anne-Sophie Kim, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Chemglass, Inc. Chemglass Life Sciences, LLC and Unknown Manufacturer | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| And | ) | |
| | ) | |
| Northwestern University and Master Appliance Corp. | ) | |
| | ) | |
| Respondents in Discovery | ) | |

## <u>NOTICE OF REMOVAL</u>

NOW COME defendants, CHEMGLASS, INC. and CHEMGLASS LIFE SCIENCES, LLC, by and through their attorneys, Hanson L. Williams and the LAW OFFICES OF RONALD R. AESCHLIMAN, and pursuant to 28 USC § 1332, § 1441(a)(b), and § 1446, file their Notice of Removal of this cause from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. The defendants herein set forth a short and plain statement of the grounds for removal as required by 28 USC § 1446(a).

1.      On August 4, 2022, the plaintiffs, Dalton Kim and Anne-Sophie Kim, filed a product liability and negligence action against the defendants in the Circuit Cook of Cook County, Illinois, Case No. 2022 L 006954 seeking damages for burn injuries sustained by Dalton Kim on September 7, 2020, at

Northwestern University in Evanston, Illinois, as result of an fire. A copy of the complaint is attached hereto as Exhibit A. Pursuant to 28 USC § 1446(a), the defendants have attached hereto as Exhibit B copies of all other process, pleadings, and orders received by the defendants since this suit was filed on August 4, 2022.

2.     The defendants, Chemglass, Inc. and Chemglass Life Sciences, LLC, were served with a copy of the Complaint on August 11, 2022, through their registered agent CT Corporation, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604. See Affidavits of Service, Exhibit B. The case was not removable by plaintiffs' initial complaint, as neither plaintiffs' nor defendants' citizenship was stated therein and the complaint's prayer for damages was for "a sum in excess of fifty thousand ($50,000) dollars," the jurisdictional minimum. See Exhibit A. Plaintiffs were served with Request to Admit Facts pursuant to Illinois Supreme Court Rule 216, and answered said requests on October 7, 2022. See Exhibit B, Plaintiffs' Response to Defendants' Requests to Admit Facts. Said Response affirms that both plaintiffs are citizens of the State of Illinois and admits the amount in controversy exceeds $75,000. Plaintiffs' complaint asserts medical expenses and lost wages were incurred, as well as physical and emotional trauma, pain and suffering, all of which are permanent. Exhibit A.

3.     The defendant, Chemglass, Inc., is a New Jersey corporation with its principal place of business in the State of New Jersey.   The defendant, Chemglass Life Sciences, LLC, has four members, Walter Surdam, David Surdam, Philip Surdam and Regina Surdam, all of whom reside in and are citizens of the State of New Jersey. Chemglass Life Sciences, LLC's principal place of business is in the State of New Jersey. Therefore, there is complete diversity of citizenship between the plaintiffs and the named defendants.

4.     Pursuant to 28 USC 1446(b)(3) this Notice of Removal has been timely-filed within the 30 day period set out in 28 USC § 1446(b)(3), "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

2

5.      This Court has original jurisdiction of this action pursuant to 28 USC §1332(a)(1) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and the action is between citizens of different states.  The action is removable to this Court pursuant to 28 USC §1441(a) because this Court is the District Court of the United States for the District and Division encompassing the place where the action is pending, *i.e.,* Cook County, Illinois.  Chemglass, Inc. and Chemglass Life Sciences, LLC are the only named defendants.  By filing this Notice of Removal both defendants consent to removal of this suit to the United States District Court for the Northern District of Illinois.  Further, the defendants, including named LLC members, are not citizens of the State of Illinois. See 28 USC §1441(b).

6.      The defendants will serve upon the plaintiffs' attorney and respondents' attorneys, written notice of filing of this Notice of Removal and will also file a copy of this Notice of Removal with the Clerk of the Court in Cook County, Illinois pursuant to 28 USC §1441(d).

WHEREFORE, the defendants, CHEMGLASS, INC. and CHEMGLASS LIFE SCIENCES, LLC, give notice that this matter has been removed to the United States District Court for the Northern District of Illinois for all further proceedings.

Respectfully Submitted

*/s/       Hanson Williams*
_____
Attorney for the Chemglass, Inc. and Chemglass
Life Sciences, LLC

Hanson L. Williams
Law Offices of Ronald R. Aeschliman
20 North Clark Street
Suite 2725
Chicago, IL  60602
(312) 267-8649
hawilliams@hanover.com

FILED DATE: 8/4/2022 2:39 PM 2022L006954

Firm No. 25778

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

Dalton Kim and Anne-Sophie Kim,

     Plaintiffs,

v.

Chemglass, Inc., Chemglass Life Sciences,
LLC and Unknown Manufacturer,

     Defendants.

And

Northwestern University and Master
Appliance Corp.,

     Respondents in Discovery.

Court No. 2022L006954

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Dalton Kim, by and through his attorneys, Lane & Lane,

LLC, makes the following allegations against the Defendants, Chemglass, Inc., Chemglass Life

and Sciences, LLC, and pleading in the alternative, states as follows:

## COUNT I

### (Product Liability - Strict Liability – Injury to Dalton Kim)

The Plaintiff, Dalton Kim, by his attorneys, Lane & Lane, LLC, makes the following

allegations against the Defendants, Chemglass, Inc. and Chemglass Life and Sciences, LLC:

1

FILED DATE: 8/4/2022 2:39 PM 2022L006954

1.      On and prior to September 7, 2020, the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, and each of them, were engaged in their business of designing, testing, manufacturing, distributing or selling a certain product known as a flat-bottom glass flask (hereinafter referred to as "flask", and did place said flask in the stream of commerce by selling said products to the general public, including various scientific laboratories in the State of Illinois, including laboratories of Northwestern University, which was located in Evanston, Cook County, Illinois.

2.      At some time prior to September 7, 2020, the defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, and each of them, by and through their actual and apparent agents and employees, designed, manufactured, sold and distributed one or more of said flat-bottom flasks to Northwestern University for use in Northwestern University's laboratories.

3.      At all relevant times alleged in this matter, each Defendant acted as the agent of the other Defendants, within the course and scope of the agency, regarding the acts and omissions alleged.

4.      On September 7, 2020, the Plaintiff, Dalton Kim, was using said flask to recrystallize a chemical intermediate substance in a manner that was consistent and in accordance with the instructions and in the manner which they were intended by the Defendants to be used.

5.      For each product the Defendants sold, they had a duty to manufacture, distribute, and sell the product so that it was not defective and unreasonably dangerous.

6.      The said flask, as designed, manufactured and distributed by the defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, were defective and unreasonably dangerous when put to the use for which they were intended, in one or more of the following respects:

2

FILED DATE: 8/4/2022 2:39 PM  2022L006954

a.    Said flask and accompanying packaging or other written materials failed to provide adequate warnings of potential shattering hazards when the flask was exposed to heat sources;

b.    Said flask and accompanying packaging or other written materials failed to provide adequate instructions regarding the use of said flask with heat sources;

c.    Said flask was designed in a manner which allowed said flask to shatter when exposed to foreseeable heat sources;

d.    Said flask was manufactured in a manner which allowed said flask to shatter when it was exposed to foreseeable heat sources; and

e.    Said flask was otherwise defective and unreasonably dangerous.

7.    That on September 7, 2020, as a direct and proximate result of the defective and dangerous condition of the aforesaid flask, the Plaintiff, Dalton Kim, when the flat-bottom flask he was using in the Northwestern Laboratory shattered, causing its contents to ignite and shower Dalton Kim with its contents, causing his clothing and body to catch fire.

8.    That as a result of said fire, the plaintiff, Dalton Kim, suffered injuries of a personal and pecuniary nature, including but not limited to, lost wages, medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

WHISEFORE, the Plaintiff, Dalton Kim, asks judgment against the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, and each of them, in a sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, which will fairly compensate the Plaintiff for the injuries sustained.

3

## COUNT II

### (Product Liability - Strict Liability – Lost Consortium – Anne-Sophie Kim)

The Plaintiff, Anne-Sophie Kim, by her attorneys, Lane & Lane, LLC, makes the following allegations against the Defendants, Chemglass, Inc. and Chemglass Life Sciences, LLC:

1.     On and prior to September 7, 2020, the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, and each of them, were engaged in their business of designing, testing, manufacturing, distributing or selling a certain product known as a flat-bottom glass flask (hereinafter referred to as "flask", and did place said flask in the stream of commerce by selling said products to the general public, including various scientific laboratories in the State of Illinois, including laboratories of Northwestern University, which was located in Evanston, Cook County, Illinois.

2.     At some time prior to September 7, 2020, the defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, and each of them, by and through their actual and apparent agents and employees, designed, manufactured, sold and distributed one or more of said flat-bottom flasks to Northwestern University for use in Northwestern University's laboratories.

3.     At all relevant times alleged in this matter, each Defendant acted as the agent of the other Defendants, within the course and scope of the agency, regarding the acts and omissions alleged.

4.     On September 7, 2020, the Plaintiff, Dalton Kim, was using said flask to recrystallize a chemical intermediate substance in a manner that was consistent and in accordance with the instructions and in the manner which they were intended by the Defendants to be used.

4

5.     For each product the Defendants sold, they had a duty to manufacture, distribute, and sell the product so that it was not defective and unreasonably dangerous.

6.     The said flask, as designed, manufactured, and distributed by the defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, were defective and unreasonably dangerous when put to the use for which they were intended, in one or more of the following respects:

      a.    Said flask and accompanying packaging or other written materials failed to provide adequate warnings of potential shattering hazards when the flask was exposed to heat sources;

      b.    Said flask and accompanying packaging or other written materials failed to provide adequate instructions regarding the use of said flask with heat sources;

      c.    Said flask was designed in a manner which allowed said flask to shatter when exposed to foreseeable heat sources;

      d.    Said flask was manufactured in a manner which allowed said flask to shatter when it was exposed to foreseeable heat sources; and

      e.    Said flask was otherwise defective and unreasonably dangerous.

7.     That on September 7, 2020, as a direct and proximate result of the defective and dangerous condition of the aforesaid flask, the Plaintiff, Dalton Kim, when the flat-bottom flask he was using in the Northwestern Laboratory shattered, causing its contents to ignite and shower Dalton Kim with its contents, causing his clothing and body to catch fire.

8.     That as a result of said fire, the plaintiff, Dalton Kim, suffered injuries of a personal and pecuniary nature, including but not limited to, lost wages, medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

9.     That at all times relevant hereto, the plaintiff, Anne-Sophie Kim, was and is lawfully married to the plaintiff, Dalton Kim.

5

FILED DATE: 8/4/2022 2:39 PM 2022L006954

10.     That on and prior to September 7, 2020, and at all times relevant hereto, the plaintiffs, Dalton Kim and Anne-Sophie Kim, as husband and wife, were entitled to the companionship, society, guidance, material services and consortium of their respective spouses during the period of their marriage.

11.     That, as a result of the injuries to her husband, Dalton Kim, the plaintiff, Anne-Sophie Kim, was deprived, and will in the future, be deprived of the companionship, society, guidance, material services and consortium of her husband, Dalton Kim.

WHEREFORE, the Plaintiff, Anne-Sophie Kim, asks judgment against the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, and each of them, in a sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, which will fairly compensate the Plaintiff for the injuries sustained.

## COUNT III

### (Product Liability - Negligence - Injury)

The Plaintiff, Dalton Kim, by his attorneys, Lane & Lane, LLC, makes the following allegations against the Defendants, Chemglass, Inc., Chemglass Life Sciences:

1-8.     The Plaintiff restates and realleges each and every allegation in paragraphs 1-8 of Count I as though they were fully and completely set forth herein as paragraphs 1-8 of this Count III.

9.     For each product the Defendant sold, they had a duty to manufacture, distribute, and sell the said products in a reasonably safe manner so that they would not create a hazardous condition when put to the use for which they were intended.

10.     That in disregard of the duties aforesaid, the Defendants committed one or more of the following acts or omissions:

6

a. Carelessly and negligently failed to provide adequate warnings of potential shatter hazards of exposing said flame to heat sources when Defendants knew or should have known of said complications;

b. Carelessly and negligently failed to provide adequate instructions regarding the use of said flask with heat sources and the potential shatter hazards from the use of said flask with heat sources;

c. Carelessly and negligently failed to use product components which were safe and which would not shatter when exposed to foreseeable heat sources;

d. Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of the use of said flask with heat sources; and

e. Were otherwise careless and negligent.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions, the Plaintiff, Dalton Kim, suffered injuries of a personal and pecuniary nature, including but not limited to, lost wages, medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

WHEREFORE, the Plaintiff, Dalton Kim, asks judgment against the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, in a sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, which will fairly compensate the Plaintiff for injuries sustained.

## COUNT IV

### (Product Liability - Negligence – Loss of Consortium – Anne-Sophie Kim)

The Plaintiff, Anne-Sophie Kim, by her attorneys, Lane & Lane, LLC, makes the following allegations against the Defendants, Chemglass, Inc., Chemglass Life Sciences:

7

FILED DATE: 8/4/2022 2:39 PM   2022L006954

1-11.   The Plaintiff restates and realleges each and every allegation in paragraphs 1-8 of Count II as though they were fully and completely set forth herein as paragraphs 1-11 of this Count IV.

12.   For each product the Defendant sold, they had a duty to manufacture, distribute, and sell the said products in a reasonably safe manner so that they would not create a hazardous condition when put to the use for which they were intended.

13.   That in disregard of the duties aforesaid, the Defendants committed one or more of the following acts or omissions:

   a.   Carelessly and negligently failed to provide adequate warnings of potential shatter hazards of exposing said flame to heat sources when Defendants knew or should have known of said complications;

   b.   Carelessly and negligently failed to provide adequate instructions regarding the use of said flask with heat sources and the potential shatter hazards from the use of said flask with heat sources;

   c.   Carelessly and negligently failed to use product components which were safe and which would not shatter when exposed to foreseeable heat sources;

   d.   Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the safety of the use of said flask with heat sources; and

   e.   Were otherwise careless and negligent.

14.   As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions, the Plaintiff, Dalton Kim, suffered injuries of a personal and pecuniary nature, including but not limited to, lost wages, medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

FILED DATE: 8/4/2022 2:39 PM    2022L006954

WHEREFORE, the Plaintiff, Anne-Sophie Kim, asks judgment against the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, in a sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, which will fairly compensate the Plaintiff for injuries sustained.

## COUNT V
### (Breach of Implied Warranty – Injury – Dalton Kim)

The Plaintiff, Dalton Kim, by his attorneys, Lane & Lane, LLC, makes the following allegations against the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC:

1-8.    The Plaintiff, Dalton Kim, restates and realleges each and every allegation in Paragraphs 1 through 8 of Count I as though they were fully and completely set forth herein as Paragraphs 1 through 8 of this Count V.

14.    The Defendants impliedly warranted that said flask was of merchantable quality and suitable for its intended use by consumers, including the plaintiff, Dalton Kim.

15.    The Defendants breached those warranties by providing said flask for use in laboratories with exposure to heat sources which was subject to shattering when exposed to heat sources, and by failing to warn and properly instruct consumers of the dangers inherent in the use of said flask with heat sources.

16.    As a direct and proximate result of Defendants' breach of these warranties, the Plaintiff, Dalton Kim, suffered injuries of a personal and pecuniary nature, including but not limited to, lost wages, medical expenses, pain and suffering and physical and emotional trauma, all of which are permanent.

WHEREFORE, the Plaintiff, Dalton Kim asks judgment against the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, in a sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, which will fairly compensate the Plaintiff for injuries sustained.

9

FILED DATE: 8/4/2022 2:39 PM   2022L006954

# COUNT VI
## (Breach of Implied Warranty – Loss of Consortium – Anne-Sophie Kim)

The Plaintiff, Anne-Sophie Kim, by her attorneys, Lane & Lane, LLC, makes the following allegations against the defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC:

1-11.    The Plaintiff, Anne-Sophie Kim, restates and realleges each and every allegation in Paragraphs 1 through 11 of Count II as though they were fully and completely set forth herein as Paragraphs 1 through 11 of this Count VI.

12.    The Defendants impliedly warranted that said flask was of merchantable quality and suitable for its intended use by consumers, including the plaintiff, Dalton Kim.

13.    The Defendants breached those warranties by providing said flask for use in laboratories with exposure to heat sources which was subject to shattering when exposed to heat sources, and by failing to warn and properly instruct consumers of the dangers inherent in the use of said flask with heat sources.

14.    As a direct and proximate result of Defendants' breach of these warranties, the Plaintiff, Dalton Kim, suffered injuries of a personal and pecuniary nature, including but not limited to, lost wages, medical expenses, pain and suffering and physical and emotional trauma, all of which are permanent.

WHEREFORE, the Plaintiff, Anne-Sophie Kim, asks judgment against the Defendants, Chemglass, Inc., and Chemglass Life Sciences, LLC, in a sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, which will fairly compensate the Plaintiff for injuries sustained.

10

FILED DATE: 8/4/2022 2:39 PM    2022L006954

## COUNT VII

### (Respondents in Discovery)

Now come the plaintiffs, Dalton Kim and Anne-Sophie Kim, and each of them, by their attorneys, Lane & Lane, LLC make the following allegations against the Respondents in Discovery, Northwestern University and Master Appliance Corp.:

1.     The Plaintiffs restate, reallege, and reincorporate each and every allegation contained in Counts I, II, III, IV, V and VI as though fully set forth herein.

2.     The Respondent in Discovery, Northwestern University, provided the flat-bottom flask to Plaintiff, Dalton Kim, that shattered and caused extensive injuries and resulting damages to both plaintiff, Dalton Kim and Anne-Sophie Kim at all times prior to and during the period of time complained of, and is aware of information relevant to the facts alleged in Counts I, II, III, IV, V and VI, and is being named as a Respondent in Discovery so that he may be requested to respond to discovery requests pursuant to the Illinois Statute which is commonly cited as 735 ILCS 5/2-402. Plaintiff, Dalton Kim, was a Northwestern University student, and was working on his graduate studies at the University at the time of the occurrence complained of.

3.     The Respondent in Discovery, Master Appliance Corp., designed, manufactured and distributed the heat gun, described as "HEATGUN HVYDTY MSTRAPPL" that was being used at the time of the occurrence complained of which caused the flat-bottom flask described above to shatter, causing extensive injuries and resulting damages to both plaintiff, Dalton Kim and Anne-Sophie Kim at all times prior to and during the period of time complained of, and is aware of information relevant to the facts alleged in Counts I, II, III, IV, V and VI, and is being named as a Respondent in Discovery so that it may be requested to respond to discovery requests pursuant to the Illinois Statute which is commonly cited as 735 ILCS 5/2-402.

11

WHEREFORE, the plaintiffs, Dalton Kim and Anne-Sophie Kim, request the Respondents in Discovery, Northwestern University and Master Appliance Corp., and each of them, to respond to discovery initiated pursuant to the provisions of the applicable Illinois Statutes and Rules of the Illinois Supreme Court.

Respectfully submitted,

Lane & Lane, LLC

By:

Stephen I. Lane

Attorneys for Plaintiffs
Stephen I. Lane
Claire M. Connolly
Lane & Lane, LLC
230 W. Monroe Street, Suite 1900
Chicago, IL 60606
(312) 332-1400
(312) 899-8003 – fax
stevelane@lane-lane.com
claire@lane-lane.com

12

FILED DATE: 8/4/2022 2:39 PM   2022L006954

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, A

FILED
10/7/2022 2:13 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L006954
Calendar, A
19811335

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY**
**DEPARTMENT – LAW DIVISION**

Dalton Kim and Anne-Sophie Kim,

      Plaintiffs,

v.

Chemglass, Inc., Chemglass Life Sciences,
LLC and Unknown Manufacturer,

      Court No. **2022-L-006954**

      Defendants. And

Northwestern University and Master
Appliance Corp.,

      Respondents in Discovery.

## CERTIFICATE OF SERVICE

TO:    See Attached Service List

      PLEASE TAKE NOTICE, that on October 7, 2022, the undersigned, electronically filed with the Clerk of the Circuit Court of Cook County, **Plaintiffs' Response to Defendant's Chemglass, Inc., and Chemglass Life Services, LLC's Request to Admit,** a copy of which is hereby served upon you.

      Respectfully submitted,

      Lane & Lane, LLC

      By:   */s/ Yolanda F. Mickles*
             Yolanda F. Mickles

Stephen I. Lane
LANE & LANE, LLC
Attorneys for Plaintiff
230 West Monroe, Suite 1900
Chicago, IL 60606 (312)
332-1400
stevelane@lane-lane.com

1           EXHIBIT B

FILED DATE: 10/7/2022 2:13 PM   2022L006954

## SERVICE LIST

Michael D. Krause
Connolly Krause LLC
500 West Madison Street, Ste. 3900
Chicago, IL 60661
312-253-6200
312-253-6201 – Fax
mkrause@cktrials.com
**Counsel for Master Appliance Corp.**


Eugene A. Schoon
Reiter Burns LLP
311 S. Wacker Drive, Ste. 5200
Chicago, IL 60606
312-586-1015
gschoon@reiterburns.com
mavitia@reiterburns.com
**Counsel for Northwestern University**

Hanson L. Williams
Law Offices of Ronald R. Aeschliman
20 N. Clark Street, Ste. 2725
Chicago, IL 60602
312-267-8649
hawilliams@hanover.com
**Counsel for Chemglass, Inc., and Chemglass Life Sciences, Inc.,**

IN THE CIRCUIT COURT OF COOK COUNTY,
ILLINOIS COUNTY DEPARTMENT, LAW
DIVISION

Dalton Kim and Anne-Sophie Kim,     )
    )
        Plaintiffs     )
    )
       v.     )        Case No. 2022 L 006954
    )
Chemglass, Inc. Chemglass Life Sciences, LLC )
and Unknown Manufacturer     )
    )
       Defendants     )
    )
And     )
    )
Northwestern University and Master Appliance )
Corp.     )
    )
      Respondent in Discovery )

## PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST TO ADMIT FACTS

NOW COME the plaintiffs', DALTON KIM and ANNE-SOPHIA KIM, by and through their attorneys, LANE & LANE, LLC, in response to Defendant's Request to Admit Facts pursuant to Supreme Court Rule 216, state as follows:

    1)      Admit that plaintiff Dalton Kim is a citizen of the State of Illinois.

**ANSWER: Admit.**

    2)      Admit that plaintiff Dalton Kim is not a citizen of the State of New Jersey

**ANSWER: Admit.**

1

3)      Admit that plaintiff Anne-Sophie Kim is a citizen of the State of Illinois.

**ANSWER: Admit.**

4)      Admit that plaintiff Anne-Sophie Kim is not a citizen of the State of New Jersey.

**ANSWER: Admit.**

5)      Admit that the amount in controversy in this case exceeds $75,000.

**ANSWER: Admit.**

Respectfully submitted,
LANE & LANE, LLC


By: *s/ Stephen I. Lane*

Atty. No. 25778
Attorneys for Plaintiff
230 W. Monroe Street, Suite 1900
Chicago, IL 60606
(312) 332-1400
(312) 899-8003 fax
stevelane@lane-lane.com

2



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

| | | | | |
|---|---|---|---|---|
| **CASE NUMBER:** 2022L006954 | **SHERIFF NUMBER:** 03665507 | **MULT. SER.:** 3 | **DOC. TYPE:** SMMNS | |
| **DIE DATE:** 08/31/2022 **RECEIVED DATE:** 08/09/2022 | **FILED DATE:** 08/04/2022 | **DIST:** 604 | | |

| | |
|---|---|
| **DEFENDANT:** CHEMGLASS INC | **PLAINTIFF:** KIM, DALTON |
| **ADDRESS:** 208 S LASALLE | **ATTORNEY:** LANE & LANE LLC |
| **CITY:** CHICAGO | **ADDRESS:** 208 W MONROE #1900 |
| **STATE:** IL   **ZIP CODE:** 60604 | **CITY:** CHICAGO |
| **ATTACHED FEE AMT:** | **STATE:** IL   **ZIP CODE:** 60606 |
| **SERVICE INFORMATION:** CO CT CORPORATION SYSTEM | |

## I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE  DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**
**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 ____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

## THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

| | |
|---|---|
| **WRIT SERVED ON:** DERRICK HACKETT | Error: Subreport could not be shown. |
| **SEX:** M   **RACE:** BL   **AGE:** 30 | |
| **THIS** 11 **DAY OF** August 20 22 | |
| **TIME:** 11:00 AM | |

THOMAS J. DART,
SHERIFF, BY: /S/   GIBSON, ANDY #11216                    , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2022L006954   **SHERIFF NUMBER:** 03665507   **MULT. SER.:** 3   **DOC. TYPE:** SMMNS

**DIE DATE:** 08/31/2022   **RECEIVED DATE:** 08/09/2022   **FILED DATE:** 08/04/2022   **DIST:** 604

Error: Subreport could not be shown.



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2022L006954   **SHERIFF NUMBER:** 03665508   **MULT. SER.:** 3   **DOC. TYPE:** SMMNS

**DIE DATE:** 08/31/2022   **RECEIVED DATE:** 08/09/2022   **FILED DATE:** 08/04/2022   **DIST:** 604

| | |
|---|---|
| **DEFENDANT:** CHEMGLASS LIFE SCIENCES LLC | **PLAINTIFF:** KIM, DALTON |
| **ADDRESS:** 208 S LASALLE | **ATTORNEY:** LANE & LANE LLC |
| **CITY:** CHICAGO | **ADDRESS:** 208 W MONROE #1900 |
| **STATE:** IL   **ZIP CODE:** 60604 | **CITY:** CHICAGO |
| **ATTACHED FEE AMT:** | **STATE:** IL   **ZIP CODE:** 60606 |
| **SERVICE INFORMATION:**   CO CT CORPORATION SYSTEM | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE  DAY OF _  20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

| | |
|---|---|
| **WRIT SERVED ON:**   DERRICK HACKETT | Error: Subreport could not be shown. |
| **SEX:** M   **RACE:** BL   **AGE:** 30 | |
| **THIS** 11 **DAY OF** August 20 22 | |
| **TIME:** 11:00 AM | |

THOMAS J. DART,

SHERIFF, BY: /S/   GIBSON, ANDY #11216            , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2022L006954    **SHERIFF NUMBER:** 03665508    **MULT. SER.:** 3    **DOC. TYPE:** SMMNS

**DIE DATE:** 08/31/2022    **RECEIVED DATE:** 08/09/2022    **FILED DATE:** 08/04/2022    **DIST:** 604

Error: Subreport could not be shown.

Case Management Order Category 1 Cases                                    (07/13/22)  CCL 0055

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Dalton Kim and Anne-Sophie Kim

                 Plaintiff(s)    Case No.  2022 L 006954

             v.              Motion Call  A

Chemglass, Inc. Chemglass Life Sciences, LLC, et al.

                 Defendant(s)

### CASE MANAGEMENT ORDER - CATEGORY 1 CASES

- The intent of this order is for the parties to complete all discovery and for the court to rule on all dispositive motions within **15 months** following the filing of the complaint.
- This order **does not alter** the application of Illinois Supreme Court Rule 218 **– the 60-day rule.**
- **Fill in all blanks.**

| | Months after Complaint filed | Date |
|---|---|---|
| Service of process achieved, responsive pleadings filed, treaters' list with names and addresses sent, HIPPA order entered, Rule 213(f)(1), (f)(2), (f)(3) & Rule 214 written discovery issued no later than | 2 | 10/19/22 |
| Rule 213(f)(1), (f)(2), & Rule 214 written discovery completed no later than | 5 | 1/18/23 |
| Rule 213(f)(2) subpoenas issued no later than | 6 | 2/22/23 |
| Rule 213(f)(1) depositions completed no later than | 7 | 3/22/23 |
| Interim CMC @ _____10:00 A__ M | 7 | 3/22/23 4|6|9 |
| Rule 213(f)(2) depositions completed no later than | 9 | 5/24/23 |
| Dispositive motions filed and Rule 215 & 216 discovery completed no later than | 10 | 6/21/23 |
| Rule 213(f)(3) disclosures completed no later than | 11 | 7/19/23 |
| Rule 213(f)(3) depositions completed no later than | 13 | 9/20/23 |
| Case management for trial certification at _____10:00 a.m. | 15 | 11/22/23 4|6|9 |

ENTERED
Judge James N. O'Hara-1981

OCT 0 6 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.

ENTERED:

Dated

Circuit Court Judge

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 1